

FILED
03 NOV 14 AM 8:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEAST DIVISION

| | |
|---|---|
| DIRECTV, INC., | ] |
| PLAINTIFF, | ] |
| vs. | ] CV-03-CO-1995-NE |
| GREGORY A. ODEN, | ] |
| DEFENDANT(S). | ] |

ENTERED
NOV 14 2003

## MEMORANDUM OF OPINION

I.  INTRODUCTION.

Presently before the court is a motion to dismiss filed by Defendant, Gregory A. Oden, on September 5, 2003. [Doc. # 5]. The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the motion to dismiss is DENIED.

II.  DISCUSSION.

Defendant has challenged the sufficiency of the complaint under Rule 12(b)(6), which provides for dismissal of a complaint for failure to state a



claim upon which relief may be granted. A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir 1983)).

When the above standard is applied to the complaint, the motion to dismiss is due to be denied.

III.   CONCLUSION.

Defendant's Motion to Dismiss is due to be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___13th___ of ~~October~~ November, 2003.

                                                L. SCOTT COOGLER
                                  UNITED STATES DISTRICT JUDGE